McCue v. The Circuit Court of Wapello County.

---

## McCue v. The Circuit Court of Wapello County.

1. **Suspension from Office:** PETITION NEED NOT BE FILED. Where the district or circuit judge becomes satisfied that the public interest requires the suspension of the sheriff or clerk from office, he is authorized to suspend him, notwithstanding a petition cannot be filed and notice served before the close of the term.

2. ————: FILLING OF VACANCY. Upon the suspension of the sheriff the person whom the board of supervisors may appoint is authorized to discharge the duties of the office, and not the deputy of the suspended officer.

3. ————: WHO IS PROPER OFFICER. Where, upon the suspension of the sheriff, his deputy was temporarily appointed to discharge the duties of the office, and the board of supervisors afterward selected another person to temporarily fill the office, *held*, that it was competent for the court to decide, without an action of *quo warranto*, that the latter was entitled to the possesson of the office.

SATURDAY, APRIL 26.

CERTIORARI. Original proceeding.

McCue v. The Circuit Court of Wapello County.

*H. B. Hendershott* and *J. W. Dixon,* for plaintiff.

*Morris J. Williams,* for defendant.

BECK, CH. J.—I. The petition shows that plaintiff was appointed and duly qualified as deputy sheriff by D. W. Stewart, the sheriff of Wapello county. On the 19th day of September, 1878, the judge of the District Court, under Code, § 756, upon his own motion, entered an order upon the records, the court being then in session, suspending Stewart from the office of sheriff. The order recites that it is based upon the fact that Stewart had been indicted for extortion in the discharge of his official duties. It also directs the District Attorney to file a petition as prescribed in Code, § 757, and appoints the plaintiff in this case, who at that time was deputy sheriff, to discharge the duties of sheriff for the term. The court adjourned on the day following the entry of this order, and no petition was filed as therein required until the day succeeding the adjournment of the court, the 21st of September.

On the 11th day of October, 1878, the board of supervisors of the county appointed Thomas Bedwell sheriff in the place of Stewart, who was suspended as aforesaid. The plaintiff continued to discharge the duties of sheriff and held possession of the office, and the books and papers pertaining thereto, and remained in control of the jail.

The petition further shows that the Circuit Court of Wapello county commenced a term on the 21st day of October, 1878, and plaintiff continued to perform the duties of the office, and was recognized as sheriff by that court until the 28th day of the same month.

On the same day that the Circuit Court convened Bedwell presented an application, showing his appointment by the supervisors, and qualification thereunder, as well as the suspension of Stewart, and asking that applicant be recognized as the sheriff of the county. Upon this application the court

recognized Bedwell as sheriff, and refused to recognize the plaintiff as such officer, and has continued to act in accord with this determination.

Upon this petition a writ of *certiorari* was issued. The return to the writ shows the facts to be substantially as alleged in the petition and as above set out. The decision of the Circuit Court fully appears in the following extract taken from the return to the writ. The judge states his action in the following language:

. "I further answer and return that on the foregoing facts I did, acting for and speaking for said Circuit Court, on the 28th day of October, 1878, order and determine to recognize the said Thomas Bedwell as the sheriff of said county of Wapello; and I, speaking for said Circuit Court, refused to recognize the said W. D. McCue as the acting sheriff of said county. So far as the question of color of title is concerned, as to Mr. McCue being *de facto* sheriff, and thereby getting color of title to the office of sheriff, I don't think he can do that. I do not think he can get color of title to the office of sheriff by discharging the duties of the office as deputy, holding his appointment as deputy. While his acts would be valid while he is deputy, or *de facto* deputy, it presents a different question as to whether he was an incumbent of the office. It is further than being an incumbent of the office of deputy, and the suspension of the principal terminated his authority *de jure*, but it did not terminate and prevent him from doing acts which would be valid as to third parties. Because he is in possession of the office, and discharging its duties, would not render him *de facto* that officer. He never had the office, but is merely a deputy discharging his duty as deputy.

"Judge Knapp's order did not determine who shall be recognized—whether the deputy or the appointee of the board. If it did, I should not hesitate a moment to follow his ruling. But I find W. D. McCue simply exercising and discharging the duties of deputy sheriff. I also find Thomas Bedwell, appointed by the board of supervisors to that office, as appointed

McCue v. The Circuit Court of Wapello County.

by law; that he has given bonds and qualified as such officer, and that he is entitled to be recognized by this court as sheriff of the county. That is my judgment. I do not determine whether W. D. McCue has any rights or any authority to discharge the duties of deputy sheriff after that appointment; it is not necessary for me to determine that question here. Nor do I undertake to oust Mr. McCue from the office that he holds, or to say that he is not deputy sheriff of the county, or to say that he has not authority to discharge the duties of deputy still. That question is not before me. I find two gentlemen, each claiming to be sheriff of the county. I find one has been appointed sheriff, and the other has not, and Mr. Bedwell will, of course, be recognized as sheriff, and the proper officer of this court. This order does not put Mr. Bedwell in possession of the jail, or the papers belonging to the office. With that I have nothing to do, and I do not propose to make any order with reference to that. I do not propose to determine whether he has a right to the jail and the control of it, or whether he has a right to the papers in the hands of W. D. McCue or not, but I simply recognize Mr. Bedwell as sheriff of the county, authorized to fill that office during the suspension of Mr. Stewart."

It will be discovered that the determination made by the Circuit Court relates to the recognition of Bedwell as sheriff at that time, and his right to discharge the functions of the office, when its duties and powers should be demanded and invoked by the court.

II. Counsel for the plaintiff claim in their argument that the case presents the following questions, which we announce in their language:

"1. Had the board of supervisors of the county jurisdiction to appoint Bedwell sheriff?

"2. If it had could the Circuit Court, upon the *ex parte* application of Bedwell, oust McCue from the office and induct Bedwell to the office?"

These questions, we think, fairly and fully raise the true points in the case. We will proceed to consider them.

It is proper to remark here that the regularity of the order of the District Court, suspending Stewart and appointing plaintiff to discharge the duties of sheriff, is not brought in question, and the sufficiency of the facts before that court to authorize the order is not disputed. Our examination must be confined to the consideration of the effect of the order, which, it will be remembered, suspended the sheriff and appointed plaintiff to discharge, during the term, the duties of the office.

The consideration of the statute applicable to the case first demands our attention. Code, § 746, provides that "all county and township officers may be charged, tried and removed from office" for causes specified, among which is numbered "extortion," for which Stewart was indicted. Any person may make the charge, and the District Court has exclusive jurisdiction of the case. Section 747. The sections following prescribe the proceedings to be had. It is then provided as follows:

1. SUSPENSION from office: petition need not be filed.

"Section 752. If a continuance of the action take place beyond the return term, the court may suspend the accused from the functions of his office until the determination of the matter, if sufficient cause appear from testimony or affidavits then presented; and if such suspension take place, the board of supervisors shall temporarily fill the office by appointment.

"Section 753. When the accused is an officer of the court and is suspended, the court may supply his place by appointment for the term."

It will be observed that the proceedings may be instituted by any citizen. Section 747. But the statute confers authority on the judge of the District Court to cause such proceedings to be instituted by the following sections:

"Section 756. The judges of the District and Circuit Courts, in their respective districts, shall have authority, on their own

motion, to suspend from office any clerk of those courts, or sheriff of a county, for any of the causes mentioned in this chapter coming to their own knowledge, or manifestly appearing from the papers or testimony in any proceeding in court.

"Section 757. Upon such suspension the court may direct the District Attorney to file a petition in the name of the county; but it need not be verified."

Plaintiff insists that as no petition was filed and notice returned to the term at which the District Court made the order, it was limited in effect to the term; and that as there was no continuance of the cause the supervisors, under section 752, had no authority to fill the office temporarily.

We think the action was commenced by the District Court taking cognizance of the matter, and entering an order requiring the District Attorney to file a petition. When a citizen institutes the action it would be commenced when the first step is taken, namely, when the petition is filed. When it is instituted by the District Court the first step is the order of suspension, which is the commencement of the action. As the case was not in a condition to be disposed of it was continued as of course.

This conclusion, we think, accords with the true construction of the statute, and is demanded for the attainment of the ends of justice. If the delinquencies or offenses of the sheriff be such that the District Court is brought to the conclusion he should be suspended from his office, the public interest would demand that the unfaithful officer should cease to discharge public duties at once, notwithstanding a petition could not be filed and notice be served before the court adjourned.

III. Counsel for plaintiff urge that if the right of suspension from the office may be exercised by the court, the duties 2. ———; filling of the office devolved upon plaintiff, as the deputy of vacancy. of the sheriff. One argument in support of this position is based upon Code, § 767, which provides that in case of the *disability* of the principal the deputy shall perform

the duties of the office. It is insisted that want of legal ability to perform the duties of the office constitutes *disability* here provided for, and that the order of the court brought Stewart under a *disability* of this kind. But the ready answer to this position is this: The statute expressly provides that when the *disability*, by reason of the order of the court, occurs, the supervisors shall temporarily fill the office. Counsel's position as to disabilities of other kinds may be correct; it cannot be so held in this case without disregarding the express provision of Code, § 752.

The person appointed by the supervisors under lawful authority will, of course, be authorized to discharge the duties of the office. If this be not so the proceedings are vain. We cannot surely be expected to hold that the supervisors may lawfully appoint an officer who cannot lawfully discharge any of the duties of the office. If the appointee is authorized to perform the duties of the office the deputy of the officer removed cannot have the same authority. His powers as deputy, therefore, cease upon the suspension of his principal.

IV. Counsel, in presenting the second question arising in the case, insist that plaintiff is at least the sheriff *de facto*, and that the Circuit Court had no authority in a summary manner to determine the claims of the parties to the office, which can only be done in a proceeding by *quo warranto*.

3. —: who is proper officer.

This point, we think, may be disposed of upon a simple statement of the facts, the law as we above hold, and the matters determined by the Circuit Court. The sheriff, Stewart, was lawfully suspended, and plaintiff was appointed to discharge the duties of the office during the term; the board of supervisors lawfully appointed Bedwell, who has qualified as required by law. The Circuit Court found plaintiff discharging the duties of the office. Bedwell claimed the office under a lawful appointment. The Circuit Court decided that Bedwell was lawfully appointed and that he should be recognized as the sheriff of the court.

Under the view we have above presented Bedwell, though appointed temporarily, is the lawful sheriff.   We may admit, for the purposes of this case, that plaintiff, being found discharging the duties of the office, must be considered as the sheriff *de facto;* but we know of no rule of law which required the Circuit Court, in this case, to set aside the claim of the *de jure* sheriff, on the simple ground that a *de facto* officer had been discharging the duties of the office.   The court did not pass upon the validity of prior acts of plaintiff.   The matter decided by him involved the inquiry, which of these men, plaintiff or Bedwell, is the lawful sheriff.   The court was required to call upon the sheriff to serve process and do other acts necessary in the administration of the law. Here were two men claiming each to hold the office.   One was legally appointed, the other had been discharging the duties of sheriff.   Surely the court would not have been authorized to disregard the legal title of Bedwell to the office, for the reason that the plaintiff had discharged its duties. The decision of the court did not relate to acts of plaintiff already performed; it simply determined that Bedwell should be in future regarded as the officer of the court.

It will be remembered that one exercising the powers of an office without lawful authority is regarded as an officer *de facto,* not for his own protection or advantage, but for the protection of the public and those who are doing business with him.   When his right to the possession of the office is to be determined, he cannot be declared an officer *de jure,* on the ground that he has been an officer *de facto.*

This court has held that the proper action to determine the right to an office is *quo warranto. Desmond v. McCarthy,* 17 Iowa, 525.   But the decision by no means goes to the extent of holding that courts cannot determine who of conflicting claimants are lawful officers, authorized to serve its process.   Nor can it be said that officers of the State or county cannot determine who lawfully fill offices with whom they transact business.   Indeed, the private citizens may do

the same thing. If an action be instituted for the purpose of settling the rights of contestants to an office, it must be *quo warranto*. But questions as to the right of an officer may often be determined without an action. Such a case occurred when the plaintiff and Bedwell presented themselves to the Circuit Court, each claiming to be the sheriff of the court. The fact that plaintiff had exercised the duties of the office gave him no claim to continuance of its functions. The court was called upon to decide which person was the sheriff. No action was instituted; none was necessary. A correct decision within the court's jurisdiction was, in our opinion, pronounced.

The foregoing views render unnecessary the consideration of several points made by counsel and authorities cited in their support.

Plaintiff's petition will be dismissed and a judgment will be rendered for defendant.

JUDGMENT FOR DEFENDANT.